

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:19-2894

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19  2894

## I. (a) PLAINTIFFS
Angelica Stern

**(b)** County of Residence of First Listed Plaintiff  Lehigh, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary LeMieux-Fillery, Martin Law, 1818 Market St., 35th FL
Philadelphia, PA 19103

## DEFENDANTS
Symetra Life Insurance Company

County of Residence of First Listed Defendant  King County, WA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C § 1001 et seq.
Brief description of cause:
Plaintiff claims long term disability under an employee welfare benefit plan governed by ERISA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  06/26/2019
SIGNATURE OF ATTORNEY OF RECORD  / Mary LeMieux-Fillery, Esq.

JUL -2 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

 

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **6175 Vera Cruz Road, Center Valley, PA 18034**

Address of Defendant: **777 108th Avenue NE, Suite 1200, Bellevue, WA 98004**

Place of Accident, Incident or Transaction: **6175 Vera Cruz Road, Center Valley, PA 18034**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **06/26/2019**   _____   **312785**
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* **ERISA**

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Mary LeMieux-Fillery, Esq.**, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **06/26/2019**   _____   **312785**
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

JUL -2 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Angelica Stern | | CIVIL ACTION |
| v. | | |
| Symetra Life Insurance Company | | NO. 19 2894 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 06/26/2019 | *Mary LeMieux-Fillery, Attorney-at-law* | Angelica Stern |
| **Date** | | **Plaintiff** |
| (215) 587-8400 | (267) 765-2031 | LTDTeam@paworkinjury.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL -2 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELICA STERN | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | NO. |
| SYMETRA LIFE INSURANCE COMPANY | : | 19   2894 |
| **Defendant.** | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Angelica Stern, by and through her attorney, THE LAW FIRM OF MARTIN LAW LLC, as and for her Complaint against Defendant the SYMETRA LIFE INSURANCE COMPANY hereby sets forth the following:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, ANGELICA STERN, was and still is a resident of the state of Pennsylvania, residing at 6175 Vera Cruz Rd., Center Valley, PA 18034.

2. Upon information and belief, at all times hereinafter mentioned, Defendant, SYMETRA LIFE INSURANCE COMPANY, is incorporated in the State of Washington, with its home office at at 777 108th Avenue NE, Suite 1200, Bellevue WA 98004.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132(e)(1) and 1132(f), which gives the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28

U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et.seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6. Plaintiff is a thirty-four-year old (35) woman born on June 9, 1984.

7. At all times hereinafter mentioned, Plaintiff was an employee of Oak Health and Rehabilitation Centers, Inc. where she was a Social Worker Assistant, and at all times was a participant and/or beneficiary under a long-term disability ("LTD") income policy, hereinafter ("Policy").

8. Social-Services Aide is the closest Dictionary of Occupational Titles ("DOT") title to Plaintiff's and it is labeled a light level occupation with an SVP of 6.

9. At all times mentioned herein, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy administered by Oak Health and Rehabilitation Centers, Inc.

10. Said Policy provided, among other things, that long-term disability insurance benefit payments will be made to Plaintiff in the event that she is unable to perform the material and substantial duties of her regular occupation and as a result, the income she was able

to earn in her regular occupation is less than or equal to 80% of her pre-disability earnings.

11. After 12 months, the Policy defines disability as a sickness or injury that occurred while covered by the Policy that "prevents you from performing with reasonable continuity the material and substantial duties of your regular occupation or a reasonable employment option offered to you by the employer; and as a result, the income you are able to earn is less than or equal to 80% of your pre-disability earnings."

12. After 24 months, the definition requires that the sickness or injury "prevents you from performing with reasonable continuity the material and substantial duties of any gainful occupation and, as a result, the income you are able to earn is less than or equal to 60% of your pre-disability earnings."

13. Plaintiff was paid LTD benefits by Defendant from August 16, 2016, through August 15, 2018.

14. Plaintiff's last day of work was February 15, 2016, due to Post-concussive Syndrome, Migraine Headaches, Cervical and Lumbar Facet Syndrome, Right Eye Dysfunction, Left Knee Pain, and Psychiatric Dysfunction.

15. Plaintiff began receiving Social Security Disability ("SSD") benefits on August 1, 2016, and receives $1,086 per month in Social Security Benefits.

16. The LTD Policy pays until Normal Social Security Retirement Age if disability begins at age 60 or younger and pays 60% of Plaintiff's salary.

17. Plaintiff's gross monthly LTD benefit while in pay was $1,764.75.

18. Plaintiff was in a severe car accident on February 15, 2016.

19. Plaintiff suffers from post-concussion syndrome and has suffered a more recent concussion from falling onto a clothing rack in July of 2017.

20. Plaintiff has suffered from severe headaches and from migraines.

21. Plaintiff's LTD benefits were terminated on August 16, 2018, as Defendant determined that there were other gainful occupations that Plaintiff could perform.

22. In September 2018, Plaintiff filed a timely appeal of this termination.

23. Defendant sent their final denial on October 30, 2018, claiming that Plaintiff is medically able to work her regular occupation as well as an Office Clerk, Receptionist, Social Service and Activity Director, Eligibility Director, and Outpatient Admitting Clerk

24. Plaintiff has had difficulty with focus and concentration.

25. Plaintiff has suffered from issues remembering information. She has written down when she showers on a calendar due to not being able to remember, seen in a treatment note from January 25, 2017.

26. Plaintiff has suffered from visual problems.

27. Plaintiff has had issues with balance when moving and has had dizziness with position changes.

28. Plaintiff has experienced frequent falls as seen in a treatment note from Penn Neurology on December 1, 2017.

29. Plaintiff has suffered from cervical and lumbar facet syndrome.

30. Plaintiff has been diagnosed with fibromyalgia as seen in a December 12, 2017 treatment note from Dr. Moidel.

31. Plaintiff was admitted as an inpatient for depression and suicidal thoughts, and this can be seen in a treatment note from Dr. Mauthe from June 20, 2018.

32. Plaintiff has had slurred speech which can be seen in a treatment note from Penn Neurology from December 1, 2017.

33. Despite Plaintiff's continued disability, Defendant has denied all long-term disability benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

34. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

35. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that Plaintiff is suffering from severe limitations.

36. Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and as such constitutes a breach of fiduciary duty.

37. Defendant's unreasonable and unsupported denial of Plaintiff's LTD benefits is

    evidence, inter alia, by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical limitations on her ability to perform the duties of her regular or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the failure to consider the side effects of Plaintiff's medication; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the failure to perform a fair and

neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling practices.

38. Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et.seq

39. Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

40. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claim.

41. Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

42. By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of their claim. 29 C.F.R. § 2560.503(1).

43. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

44. Defendant willfully failed to comply with ERISA regulations.

45. Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

46. Plaintiff is entitled to receive the total past benefits under the LTD plan and the

future LTD benefits due under the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

47. Plaintiff is entitled to receive, in addition to benefits due under the plan of insurance, interest, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff Angelica Stern prays that she may have a declaratory judgement herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in the Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform the material duties of any occupation.

b) Defendant is obligated to pay benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period of the policy;

d) Defendant is obligated to pay Plaintiff's total lifetime benefit under the plan discounted to present value;

e) Plaintiff shall be afforded appropriate equitable relief, as provided for by CIGNA v. Amara, 131 S.Ct. 1866 (2011).

f) Pursuant to ERISA § 502 et. seq., Plaintiff shall be entitled to recoup attorney's fees, as well as all other costs and disbursements of this action, along with pre-judgment and post-judgment interest; and

      g)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and,

      h)      Such other and further relief as the Court may deem just and proper.

By: _____
Mary LeMieux-Fillery, Esq.
MARTIN LAW LLC
1818 Market Street, 35th Floor
Philadelphia, PA 19103
(215) 587-8400
mlemieux-fillery@paworkinjury.com
Attorney for Plaintiff

Date: June 26, 2019